IN THE SUPREME COURT OF THE STATE OF DELAWARE

BRUCE WOOD, §
§ No. 518, 2024
Defendant Below, §
Appellant, § Court Below–Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 0512020169 (N)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: October 10, 2025
Decided: December 22, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1) Bruce Wood appeals the Superior Court's denial of his motion for the correction of an illegal sentence. After careful review of the parties' arguments, we affirm the Superior Court's judgment.

(2) In 2007, a Superior Court jury found Wood guilty of eight counts of first-degree rape (rape where the victim, CG,[1] had not reached her twelfth birthday and the defendant was over the age of eighteen) (the "CG Counts"), eight counts of first-degree rape (rape where the victim, SP, had not reached her sixteenth birthday

---

[1] For ease of reference, we refer to the victims by their initials as we did in Wood's direct appeal.

and the defendant stood in a position of trust) (the "SP Counts"), and two counts of continuous sexual abuse of a child ("CSAC")—one count for each victim. Following a presentence investigation, the Superior Court sentenced Wood to 290 years of incarceration. We affirmed Wood's convictions and sentence on direct appeal.[2]

(3) Between 2009 and 2017, Wood filed three unsuccessful motions for postconviction relief.[3] Wood also unsuccessfully sought federal habeas relief and a reduction of sentence.[4]

(4) In 2024, Wood filed a motion for the correction of an illegal sentence under Superior Court Criminal Rule 35(a), arguing his sentence is illegal because: (i) his sentences for first-degree rape and CSAC violate the Double Jeopardy Clause; (ii) his sentences for CSAC are "excessive" and premised on false information; (iii) the Superior Court's sentencing order does not cite any aggravating factors; and (iv) the Superior Court sentenced him with a closed mind. The Superior Court denied the motion, and this appeal followed.

---

[2] *Wood v. State*, 956 A.2d 1228 (Del. 2008).
[3] *See Wood v. State*, 2010 WL 4735003 (Del. Nov. 22, 2010) (affirming the denial of Wood's first motion for postconviction relief); *Wood v. State*, 2011 WL 4396996 (Del. Sept. 21, 2011) (affirming the denial of Wood's second motion for postconviction relief); *Wood v. State*, 2018 WL 2383020 (Del. May 24, 2018) (affirming the denial of Wood's third motion for postconviction relief).
[4] *See Wood v. Pierce*, 2015 WL 308150 (D. Del. Jan. 22, 2015) (denying Wood's petition for a writ of habeas corpus); *Wood v. May*, 2021 WL 827186 (D. Del. Mar. 4, 2021) (construing Wood's petition to reopen as a second petition seeking habeas relief and denying it for lack of jurisdiction).

(5) We review the denial of a motion for correction of illegal sentence for abuse of discretion.[5] To the extent a claim involves a question of law, we review the claim *de novo*.[6] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[7]

(6) In his opening brief on appeal, Wood argues: (i) his sentences for first-degree rape and CSAC violate the Double Jeopardy Clause; (ii) his sentences for CSAC are illegal because they are "based on demonstrably false 16 counts of rape," they exceed the sentencing guidelines recommended by the Sentencing and Accountability Commission ("SENTAC"), and the sentencing order does not cite any aggravating factors; (iii) the Superior Court sentenced him with a closed mind; (iv) the jury instructions were inaccurate and confusing; (v) there was insufficient evidence to support his convictions; and (vi) trial counsel was ineffective for failing to file a bill of particulars.

(7) After Wood filed his opening brief, the State moved to affirm the Superior Court's judgment on the ground that it was manifest on the face of Wood's

---

[5] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[6] *Id.*
[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

3

opening brief that his appeal was without merit. The Court denied the State's motion to affirm and asked the State to address apparent errors in the grand jury's indictment because when Wood committed the conduct that formed the basis of the CG Counts: (i) there was not an offense entitled "first-degree rape" in the criminal code; (ii) then-extant 11 *Del. C.* § 773, cited in the indictment, defined the offense of third-degree unlawful sexual intercourse, a class B or class C felony; and (iii) then-extant Section 775 defined the offense of first-degree unlawful sexual intercourse, a class A felony.[8] In its answering brief, the State concedes that the grand jury's indictment contained citation errors as to the CG Counts but argues that Wood was nevertheless legally convicted and sentenced for first-degree unlawful sexual intercourse of CG. We agree and briefly elaborate.

(8) Between September 1, 1996, and June 30, 1998, when the jury found that Wood had sexually abused CG, the criminal conduct commonly referred to as "rape," was defined as "first-degree unlawful sexual intercourse" and was codified at then-extant Section 775. The grand jury indictment incorrectly referred to first-degree rape (an offense that did not exist when Wood abused CG) and cited Section 773 (which defined the offense of third-degree unlawful sexual intercourse until September 9, 1998, when it was amended to define the offense of first-degree rape).

---

[8] The General Assembly amended the criminal code before 2000, when Wood began committing the conduct that formed the basis of the SP Counts, and the indictment correctly cited Section 773, which had been amended to define the offense of first-degree rape, for the SP Counts.

We conclude that these errors were as to form, however, because the indictment correctly detailed and put Wood on notice of the essential facts that the State was required to (and ultimately did) prove to convict him of first-degree unlawful sexual intercourse under the statutory framework in effect between September 1, 1996, and June 30, 1998—specifically, that (i) Wood intentionally engaged in sexual intercourse with CG, (ii) CG was less than 12 years old, and (iii) Wood was older than 18.[9] It follows that, despite the errors in the charging document, the jury found Wood guilty of eight counts of first-degree unlawful sexual intercourse of CG under then-extant Section 775 and it was not error for the Superior Court to sentence him for those convictions.

(9) We turn now to the arguments Wood makes on appeal. As noted above, we review those claims that Wood raises for the first time before this Court (namely, that the jury instructions were confusing, that there was insufficient evidence to support his convictions, and that trial counsel was ineffective) for plain error. There is no error, plain or otherwise error here—these arguments, which do not concern

---

[9] *See Robinson v. State*, 600 A.2d 356, 359 (Del. 1991) ("This Court has held on several occasions that a trial court has the power to amend an indictment as to matters of form, but not as to matters of substance, so long as no new, additional, or different charge is made thereby and the accused will not suffer prejudice to substantial rights."); Del. Super. Ct. Crim R. 7(c) (providing that the indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged and that any error in the statutory citation will not be grounds for dismissal if the error did not mislead the defendant to the defendant's prejudice); *Kellam v. State*, 341 A.3d 475, 492 (Del. 2025) (noting that where a defect in the indictment is curable by amendment, the defective indictment does not deprive the Superior Court of jurisdiction over the offense) .

the legality of Wood's sentence, are not appropriately raised in a Rule 35(a) motion.[10]

(10)    As for Wood's argument that his sentences violate the Double Jeopardy Clause, we have recognized that the offenses of first-degree rape (which requires proof that the defendant have sexual intercourse with the victim under various enumerated scenarios) and CSAC (which requires proof that the defendant, living with or having recurring access to the minor child, engaged in three of more acts of "sexual conduct" with a child under 14 years old over a period of time of at least three months) "have distinct elements and are clearly separate offenses for double jeopardy purposes."[11]    The same rationale leads the Court to conclude that the offenses of first-degree unlawful sexual intercourse and CSAC are separate offenses for double jeopardy purposes; that is, each offense requires proof of a fact that the other does not.    And we note that the General Assembly expressly endorsed duplicative punishment in the version of Section 773 under which Wood was convicted for the SP Counts.[12]    Although the General Assembly did not include a provision expressly allowing for the conviction of another offense under the same title in the version of Section 775 under which Wood was convicted for the CG

---

[10] *See Brittingham*, 705 A.2d at 578.
[11] *St. Louis v. State*, 2002 WL 1160979, at *1 (Del. May 24, 2002).
[12] 11 *Del. C.* § 773(b) (2000) ("Nothing contained in this section shall preclude a separate charge, conviction and sentence for any other crime set forth in this title….").

6

Counts, the legislative history of the CSAC statute makes its intention to allow a defendant to be convicted of both offenses: "This proposed bill offers a solution [to the difficulties of prosecuting child molesters] by creating a *new and separate crime*."[13]

(11)   The Superior Court did not address the other arguments Wood raised below, but none are availing.  Neither the sentencing court's failure to state an aggravating factor "for the record" during the sentencing hearing (or, it follows, on the sentencing order) nor its deviation from the voluntary and non-binding SENTAC guidelines is a basis to vacate a sentence that falls within statutory limits—as Wood's does.[14]  Finally, we have reviewed the record carefully and can find no support for Wood's claims that his sentence was based on demonstrably false information or was the product of judicial bias or vindictiveness.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[13] *State v. Leighton*, 1996 WL 453332, at *2 (Del. Super. Ct. May 13, 1996) (quoting S.B. No. 17, *Synopsis* (introduced Jan. 14, 1993) (emphasis added)).

[14] *Brochu v. State*, 2016 WL 690650, at *4 (Del. Feb. 19, 2016); *see also Mayes v. State*, 604 A.2d 839, 845 (Del. 1992) (noting that "[i]t is established Delaware law that a defendant has no legal or constitutional right to appeal a statutorily authorized sentence simply because it does not conform to the sentencing guidelines established by [SENTAC]," and rejecting the claim that Superior Court erred by "failing to make a matter of record its reasons for imposing a sentence in excess of the SENTAC guidelines").